UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT WITHERSPOON,

       Petitioner,

v.                                            Case No. 15-cv-10627

CATHERINE BAUMAN,             HON. MARK A. GOLDSMITH

       Respondent.
_____/

**OPINION AND ORDER
(1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 9);
(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABLITY; AND
(3) GRANTING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Herbert Witherspoon, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition, through counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). He challenges his 2010 convictions for first-degree premeditated murder, first-degree felony murder, kidnapping, first-degree home invasion, and possession of a firearm during the commission of a felony. The Court ordered Petitioner to show cause why the case should not be dismissed for failure to comply with the statute of limitations (Dkt. 2). The Court finds that the Petitioner failed to comply with the applicable one-year statute of limitations and is not entitled to equitable tolling. The petition, therefore, is dismissed as untimely.

## I. BACKGROUND

Petitioner was convicted by a jury in Macomb County Circuit Court and sentenced, on March 9, 2010, to concurrent prison terms of life without parole for the first-degree murder conviction, 285 months to 40 years for the kidnapping conviction, and 10 to 20 years for the first-degree home invasion conviction. He was also sentenced to a consecutive prison term of two years

for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. People v. Witherspoon, No. 302711, 2013 WL 1352458 (Mich. Ct. App. Apr. 4, 2013). On September 30, 2013, the Michigan Supreme Court denied leave to appeal. People v. Witherspoon, 843 N.W.2d 140 (Mich. 2013) (table).

Petitioner filed this petition on February 19, 2015 (Dkt. 1). In response to the show-cause order, Petitioner filed a brief in support of his petition (Dkt. 3), a letter from Petitioner's mother (Dkt. 4), and an affidavit executed by Petitioner (Dkt. 5).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). Generally, a habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on December 29, 2013, 90 days after the Michigan Supreme Court denied the application for leave to appeal on September 20, 2013. See People v. Witherspoon, 843 N.W.2d 140 (Mich. 2013) (table); Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations began to run on December 30, 2013. It continued to run, without interruption, until it expired on December 29, 2014.

Petitioner admits that his petition was not filed within the one-year limitations period but argues that the limitations period should be equitably tolled based upon the failure of two attorneys retained to file a habeas petition to do so. In support of this argument, Petitioner states that, sometime in September 2014, he hired an attorney to prepare and file a federal habeas corpus petition. See Affidavit of Herbert Witherspoon ¶ 2 (Dkt. 5). A month after receiving a down payment from Petitioner's mother, the attorney returned half of the down payment and told

Petitioner that he could not represent him. See id. ¶ 3. Petitioner states that his mother then retained another attorney to represent him. See id. ¶ 4. Petitioner learned just ten days before the habeas filing deadline that the attorney was returning the money paid to her and withdrawing from the case. See id. ¶ 6. Neither Petitioner's affidavit nor his mother's letter specifies the date on which Petitioner's present attorney (who filed the pending petition) was retained.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010), quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted).

There is no constitutional right to the effective assistance of counsel in the preparation of a federal habeas corpus petition. Ritchie v. Eberhart, 11 F.3d 587, 592 (6th Cir. 1993); Coleman v. Thompson, 501 U.S. 722, 752 (1991). Therefore, the constitutional effectiveness of counsel on federal habeas review generally will not support equitable tolling of the limitations period. See Holland, 560 U.S. at 652; Brown v. United States, 20 F. App'x 373, 375 (6th Cir. 2000). However, serious attorney misconduct such as abandonment may constitute extraordinary circumstances and "a client [cannot] be faulted for failing to act on his behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." Maples v. Thomas, 565 U.S. 266, 283 (2012).

In Maples v. Thomas, the United States Supreme Court considered attorney abandonment in the context of procedural default. After filing a petition for state post-conviction relief on the petitioner's behalf, the petitioner's two pro bono attorneys left the law firm at which they had begun representation and took other employment that prevented them from continuing to represent him. Id. at 270. They did not inform the petitioner they were no longer representing him, did not seek permission to withdraw from the case, or move for the appointment of new counsel. Id. at 270-71. Notice of the trial court's denial of post-conviction relief, mailed to the attorneys at their former firm, was returned unopened as undeliverable, and the time within which an appeal could have been filed expired with no appeal taken. Id. at 271. The state court of criminal appeals denied the petitioner's request to file a late appeal. Id. at 271. His claims were thus defaulted.

The Supreme Court held that "the uncommon facts" of that case established cause to excuse the petitioner's procedural default of his claims. Id. at 280. Petitioner had been "left without any functioning attorney of record," during the entire 42-day time within which he could have appealed the denial of post-conviction relief, and, by counsels' failure to withdraw, the petitioner "had no right to personally receive notice." Id. at 288. The Court reasoned that an attorney who abandons a client without notice severs the principal-agent relationship, so that the attorney's failure to act may no longer be fairly imputed to the former client. Id. at 280-81.

In contrast, in this case, Petitioner was not misled into a false sense of security during the entire one-year limitations period that counsel was pursuing his interests. By his own admission he did not retain his first attorney until sometime in September 2014, after eight months of the limitations period already elapsed. See Affidavit of Herbert Witherspoon ¶ 2 (Dkt. 5). One month later (sometime in October 2014,) a second attorney was hired. Id. ¶ 4. Petitioner was himself clearly aware of the limitations period because he states that the second attorney knew that he had

only two or three months left to file his petition. See Brief in Support of Pet. at 23 (ECF No. 3, Pg. ID 44). With just ten days remaining in the one-year limitations period, Petitioner learned that the second attorney would not be filing a petition on his behalf. See id. ¶ 6. Petitioner, knowing the deadline was fast approaching, did not file a habeas petition. Instead, he again sought to hire an attorney who ultimately filed the pending petition on February 19, 2015.

Even assuming (without deciding) the negligence of Petitioner's first two retained attorneys, Petitioner fails to present the extraordinary circumstance necessary to warrant equitable tolling of the limitations period. Petitioner has failed to demonstrate that "he lacked a clue of any need to protect himself pro se." Maples, 565 U.S. at 271. Indeed, he was made aware before expiration of the limitations period that he needed to protect himself pro se. Petitioner was not prevented from filing a habeas corpus petition in the eight months after his judgment became final. He was made aware within a month of hiring his first attorney that the attorney would not be representing him. He could then have filed a pro se petition. When the second attorney informed Petitioner that he would not be filing a habeas petition, Petitioner still had ten days to file a petition. While that is not a lengthy period of time, pro se prisoners routinely prepare their own habeas petitions. In addition, the preparation of a petition such as the one at issue here which essentially restates the claims raised in state court could have been accomplished without the assistance of counsel and in a short period of time. Accordingly, the Court finds that counsels' conduct did not prevent Petitioner's timely filing of his petition and equitable tolling is not warranted.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely and equitable tolling is not warranted. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

For the reasons set forth above, the Court dismisses the petition for writ of habeas corpus as untimely and declines to issue a certificate of appealability.

SO ORDERED.

Dated: January 22, 2018       s/Mark A. Goldsmith
  Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

     s/Karri Sandusky
     Case Manager